IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **CRISTIAN PAUL PALLO BOLANOS** ) | |
| ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 6:25-cv-3380-MDH |
| ) | |
| **JIM C. ARNOTT**, *et. al.*, ) | |
| ) | |
| Respondents. ) | |

## ORDER

Before the Court is Petitioner's Motion for Temporary Restraining Order and Suggestions in Support. (Doc. 2, 6) The Government has yet to enter an appearance in this matter. Finding that Mr. Pallo Bolanos asserts facts and arguments sufficient to satisfy the requirements of Rule 65(b)(1) and the *Dataphase* factors, the Motion for TRO is **GRANTED**.

## BACKGROUND

Petitioner has lived in the United States since 2022, and Minneapolis, MN since 2023. Petitioner was detained by the Department of Homeland Security ("DHS") to facilitate his removal on November 5, 2025. Petitioner alleges if removed to Ecuador under current conditions, he faces likely persecution by the notorious Ecuadorian gang Los Lobos—an organization designated an international terrorist organization by the U.S. Department of State—which the Ecuadorian government has been unable to control. (Doc. 2 at 2). Petitioner was scheduled for an individual hearing on his claims for asylum/withholding of removal and relief under the Convention Against Torture on January 9, 2026, from 8:30 am to 10:30 am in Fort Snelling, Minnesota. On December 7, 2025, without warning, Petitioner was transferred to Kansas City, Missouri. After being held in

1

ICE custody for one or more nights, he was placed at Greene County Jail in Springfield, Missouri on or around December 9, 2025. Petitioner has just learned the ICE intends to transfer him again soon, to somewhere in Texas.

Also on December 9, 2025, Department of Homeland Security (DHS) attorneys moved to transfer his immigration proceedings from the Ft. Snelling Immigration Court to the Kansas City Immigration Court. Judge Kalin Ivany granted that motion and transferred his case six hours after the motion was filed, leaving Mr. Pallo Bolanos and his counsel no reasonable opportunity to respond. On December 10, 2025, the newly-assigned Judge Jayme Salinardi vacated Petitioner's individual hearing and reset an in-person master hearing for December 23, 2025.

Petitioner argues the repeated transfers of his physical person and corresponding transfers of his immigration proceedings frustrate his legal right to present his case for asylum and, in so doing, violate his constitutional rights to due process and the effective assistance of counsel.

## DISCUSSION

FRCP 65(b)(1)

Under Federal Rule of Civil Procedure 65(b)(1), the Court may issue a temporary restraining order (TRO) without notice to the adverse party if "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Based on the facts above, it is clear to the Court that Petitioner has shown that immediate and irreparable injury, loss, or damage will result to him before the adverse party can be heard in

opposition. Thus, he has satisfied Rule 65(b)(1)(A). The efforts presented to the Court in Doc. 6 show that he has met the requirements for Rule 65(b)(1)(B) and notice will not be required.

*Dataphase* TRO Factors

"In analyzing a request for a TRO, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) the public interest." *Dadfar v. Arnott*, 2025 WL 3452372 (W.D. Mo. Dec. 1, 2025) (citing *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)).

The Court finds that a TRO in this case is appropriate. The Due Process Clause and the Immigration and Nationality Act (INA) grant Petitioner the right to counsel to challenge his removal, and to a fair proceeding before he is removed from the country. 8 U.S.C. § 1362. The Court finds it likely Respondents' repeated transfers of Petitioner violate his due process rights and statutory rights to challenge his removal with the assistance of counsel. Further, the threat of irreparable harm to the movant absent injunction is high as any move from this district prior to his removal hearing would render Petitioner's right to challenge his removal meaningless. As to the balance between the threatened harm to the movant and the harm the injunction would inflict on other interested parties, the balance tips in favor of Petitioner. Respondents and other interested parties would not suffer by keeping Petitioner in Greene County Jail closer to his removal hearing. Lastly, there is a public interest in allowing those who are in removal proceedings to have a fair proceeding as expressed and determined by Congress. For these reasons, the Court finds Petitioner's request for a TRO is appropriate.

## **CONCLUSION**

For the foregoing reasons, Petitioner's Motion for TRO is **GRANTED**. Respondents are enjoined from transferring Petitioner outside the Western District of Missouri during the pendency of his habeas petition. The TRO is granted until such time as the Government can respond to the Habeas Petition and the Court can be fully briefed on the merits of the Habeas petition. Nothing in this Order shall prevent, disrupt, or delay the scheduled hearing before the Immigration Court scheduled for December 23, 2025.

**IT IS SO ORDERED**.

DATED: December 16, 2025

/s/ Douglas Harpool
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**